UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0451-B-2 |
| | § | |
| RODNEY WYNN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Rodney Wynn's Motion to Reduce Sentence (Doc. 553). Wynn seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, Wynn's Motion is **DENIED WITHOUT PREJUDICE.**

### I.

### BACKGROUND

The Court sentenced Wynn to 293 months of imprisonment and five years of supervised release after Wynn pleaded guilty to kidnapping and aiding and abetting. Doc. 440, J., 1–3. Wynn, who is now 45 years old, is serving his sentence at Beaumont Medium Federal Correctional Institution. His scheduled release date is April 2, 2036.[1]

Wynn filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 553, Mot., 1. He argues that recent changes in the sentencing guidelines, an error in his sentence calculation, his medical condition, and his rehabilitation warrant compassionate release. *See* Doc. 554, Br. Mot. The Court considers Wynn's Motion below.

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

The Court denies Wynn's motion for compassionate release. Though he exhausted his administrative remedies, he has not demonstrated extraordinary and compelling reasons for a sentence reduction.

A.   *Wynn Exhausted His Remedies.*

A defendant can only bring a motion for compassionate release under § 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has found that "submission of a request is insufficient for exhaustion." *United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (Boyle, J.). Instead, exhaustion requires proof that the warden *received* the defendant's request. 18 U.S.C. § 3582(c)(1)(A); *see also, e.g., United States v. Carrera*, No. 3:14-CR-0367-B-40, 2020 WL 6545982, at *2 (N.D. Tex. Nov. 5, 2020) (Boyle, J.) (denying compassionate release where defendant "attache[d] to his motion a letter . . . in which

he purportedly ask[ed] the warden of his facility for a sentence reduction," but did not "attach any proof that the warden actually received his request").

Here, Wynn satisfied the exhaustion requirement. He attached a letter from the warden responding to his request for compassionate release. Doc. 557-1, Ex. A, 1. Therefore, Wynn included proof of exhaustion. The Court will next address the merits of his Motion.

B.   *Wynn Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Wynn has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). The Fifth Circuit has interpreted the "extraordinary and compelling" standard as requiring a prisoner to show "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)). Congress delegated to the Sentencing Commission the authority to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Shkambi*, 993 F.3d at 391 (citations and alterations omitted). But the Sentencing Commission cannot interpret the phrase "extraordinary and compelling" in a manner that "conflicts with the plain meaning of those terms," nor can it amend the statute as construed by the Fifth Circuit. *Austin*, 125 F.4th at 692 (citations omitted).

The Sentencing Commission's list of "extraordinary and compelling circumstances" that may justify a sentence reduction are: "(1) medical circumstances of the defendant; (2) age of the

defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to items one through four; and (6) a change in the law resulting in the defendant receiving an unusually long sentence." *United States v. Jean*, 108 F.4th 275, 289 (5th Cir. 2024) (citing U.S.S.G. § 1B1.13), *overruled in part by Austin*, 125 F.4th 688. The sixth circumstance—"a change in the law"—does not include "an amendment to the Guidelines Manual that has not been made retroactive." § 1B1.13(b)(6). Even if not binding, § 1B1.13 nonetheless may inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting § 1B1.13 is "not dispositive" but "guid[ing]"). Considering Wynn's Motion in light of § 1B1.13, the Court concludes that Wynn has not demonstrated "extraordinary and compelling reasons" warranting compassionate release.

Wynn presents four arguments for why he should be granted compassionate release: (1) changes in the guidelines entitle him to a sentence reduction; (2) the Court erred in calculating his criminal history points and category; (3) his medical history of high blood pressure; and (4) his rehabilitation. *See generally* Doc. 554, Br. Mot. The Court addresses each argument in turn.

First, changes to the guidelines do not entitle Wynn to a sentence reduction. Wynn argues that Amendment 821 to the Sentencing Guidelines warrants a sentence reduction because he received criminal history points for a state charge for possession of marijuana for personal use. Doc. 554, Br. Mot., 4. Amendment 821, Part C revised the commentary to § 4A1.3 to provide that "[a] downward departure from the defendant's criminal history category may be warranted" if he "received criminal history points from a sentence for possession of marihuana for personal use,

without an intent to sell or distribute it to another person." *See* U.S.S.G. § 4A1.3 cmt. n.3(A); U.S. Sent'g Comm., Amendment 821, Part C (effective Nov. 1, 2023). But Amendment 821, Part C does not apply retroactively. *United States v. Phillips*, 1:18-CR-00106-2-MAC, 2023 WL 8483905, at *1 (E.D. Tex. Nov. 15, 2023). This change in the guidelines therefore is not within the list of "extraordinary and compelling reasons" contemplated by the Sentencing Commission. *See* § 1B1.13(b)(6). Moreover, "a non-retroactive change in the law is not an extraordinary or compelling reason" justifying compassionate release. *Austin*, 125 F.4th at 692. "Under settled Fifth Circuit precedent, 'extraordinary' means beyond or out of the common order, remarkable, and synonymous with singular." *Id.* (quotations omitted). Thus, a non-retroactive change in the law cannot be extraordinary because it applies equally to "every prisoner previously sentenced under that provision." *Id.* Therefore, Amendment 821 does not warrant a sentence reduction.

Nor does Amendment 810 to § 3E1.1 of the Sentencing Guidelines warrant a sentence reduction. Section 3E1.1 provides for a two-point reduction if a "defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.10(a). The commentary does not allow such a reduction for a defendant who "falsely denies, or frivolously contests, relevant conduct that the court determines to be true." *Id.* cmt. n.1(A). Amendment 810 added that "the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous." *See id.*; U.S. Sent'g Comm'n, Amend. 810 (effective Nov. 1, 2018). This Amendment does not entitle Wynn to a sentence reduction because it was not made retroactive. *See* U.S.S.G. § 1B1.10(d) (listing the Guideline Amendments that apply retroactively); *Austin*, 125 F.4th at 692. And the Court found at the sentencing hearing that Wynn lied about the relevant conduct, so he lost acceptance of responsibility regardless of whether Amendment 810 would otherwise apply. Doc.

458, Sentencing Transcript, 44. Therefore, changes to the guidelines do not entitle Wynn to a sentence reduction.

Second, the Court's calculation of Wynn's original sentence does not warrant compassionate release. Wynn contends he received four criminal history points for state convictions when he should have only received two points. Doc. 554, Br. Mot., 5. This argument fails because a motion for compassionate release is not the proper vehicle for challenging a federal sentence. *See Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999) ("[28 U.S.C.] § 2255 is the proper vehicle for challenging the validity of a conviction and sentence." (citation omitted)); *see also Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Relief under [§ 2255] is warranted for any error that 'occurred at or prior to sentencing.'" (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Insofar as Wynn challenges the sufficiency of his federal sentence, he may do so by filing the proper motion.

Third, Wynn's medical history of high blood pressure does not entitle him to a sentence reduction. *See* Doc. 554, Br. Mot., 1; Doc. 555, Med. Recs.; Doc. 557, Mot. Supp. A defendant's medical circumstances may warrant compassionate release if he is suffering from "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). His medical condition might also warrant compassionate release if it "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). Wynn does not argue that his condition meets either of these standards. Furthermore, "[d]ecisions from the Fifth Circuit and other courts have found that high blood pressure . . . is not considered an extraordinary and compelling reason that justifies compassionate release." *United States v. Wright*,

No. 5:21-CR-3-DCB-FKB, 2022 WL 4456244, at *2 n.2 (S.D. Miss. Sept. 23, 2022) (collecting cases). Therefore, this argument fails.

Fourth, Wynn's rehabilitation is not an extraordinary and compelling reason warranting compassionate release. "Wynn has completed well over 1,000 hours of psychological, educational, self-betterment and drug treatment programs since his incarceration." Doc. 554, Br. Mot., 8. Furthermore, "Wynn has been incarcerated for 9 years and . . . has not received any disciplinary infractions." *Id.* at 9. The Court commends Wynn's efforts at rehabilitation and his good behavior while in prison. But "a defendant's rehabilitation is not alone sufficient to justify a sentence reduction under § 3582(c)(1)(A)." *See United States v. Howard*, No. 3:15-CR-00501-N-2, 2024 WL 3404611, at *3 (N.D. Tex. July 12, 2024) (Godbey, C.J.). Moreover, Wynn's rehabilitation, even if combined with the circumstances previously assessed, does not meet the "extraordinary and compelling" threshold for release. *See* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.").

In sum, Wynn's personal circumstances do not rise to the level of extraordinary and compelling as necessary to warrant compassionate release. Given this threshold obstacle to Wynn's Motion, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

IV.

CONCLUSION

Wynn has not demonstrated extraordinary and compelling reasons for compassionate release. The Court therefore **DENIES** Wynn's Motion (Doc. 553) **WITHOUT PREJUDICE.**

By denying Wynn's Motion without prejudice, the Court permits Wynn to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) sentencing factors support his release.

**SO ORDERED.**

**SIGNED: August 21, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE